## LAURA I. LYNCH, AN INFANT, BY NEXT FRIEND, v. BENJAMIN S. COGSWELL, EXECUTOR.

EXAMINATION AND APPROVAL OF GUARDIAN'S ACCOUNT.

Where the probate court examines and approves the account filed by a guardian. *Held*, that this adjudication is conclusive between the guardian and his ward, and that the judgment of the probate court in approving the account of the guardian was the end of any controversy between the guardian and his ward.

HALE, J.

The case of Laura I. Lynch against Benjamin S. Cogswell, is a proceeding in error in which it is sought to reverse the judgment of the court of common pleas.

On the 28th day of March, 1890, Benjamin S. Cogswell was appointed guardian of Laura I Lynch. At the time of the appointment, Laura was a young girl living with her grandfather, Solomon Cogswell. She continued her residence with her grandfather until December, 1890, about nine months after the appointment of her guardian. After the termination of the residence of Laura with her grandfather, the grandfather presented to the guardian a claim for the board of his granddaughter from 1884, to December, 1890, amounting to six hundred and forty-three ($643.00) dollars. The guardian apparently acquiesced in this account, and instituted a proceeding in the probate court to sell certain real estate belonging to his ward, to raise the means with which to pay this claim and perhaps, to provide for the future support of his ward. Sale was made of the real estate, but before the money came into the hands of the guardian, Solomon Cogswell died. By his will Benjamin S. Cogswell was named as his executor, and qualified as such in February, 1893. The money from the sale of his ward's property came into his hands about this time, and he passed from the estate of his ward to the estate of Solomon Cogswell, both of which he represented, the amount of this bill, including interest, seven hundred and seventeen ($717.00) dollars. The guardian immediately resigned his guardianship, not desiring to retain both places, and filed his final account in the probate court. In that account he claimed credit for this payment which he had made to the estate of Solomon Cogswell. William H. Lynch succeeded Cogswell as guardian of the little girl, and filed exceptions to his account, objection being made to this item that I have stated. On the day of the hearing, or the day to which hearing had been adjourned, no one appearing to represent the exceptions to the account, the probate court dismissed the exceptions, examined and approved the account. The time for appeal passed. Counsel for the guardian of Laura, supposing that that adjudication was final as between the ward and the guardian, commenced this action against the estate of Solomon Cogswell to recover directly from that es-

Lynch v. Cogswell, Executor.

tate the money that had been paid it by the guardian upon that account.

The objection to this claim on the part of the executor of the Cogswell estate, relies upon two defenses: First, that the claim was a just and valid claim which ought to have been paid, and should be sanctioned by the court. Second, that the adjudication in the probate court was a final adjudication as between the guardian and the ward, and conclusive of the case here.

If we were to determine this controversy upon the merits of the claim which existed in favor of Solomon Cogswell or of his estate for the board of this granddaughter, we should have no hesitation whatever in saying that there was no legal foundation for this claim. There was no pretense that there was any contract with the girl, her father or her mother, or any one representing her, that the board while she remained in the family of her grandfather should be paid. She remained in that family only nine months after the guardian was appointed; but after his appointment the guardian made no arrangement by which the grandfather should be paid for the board of the granddaughter. The relation between this little girl and her grandfather was such as to preclude any presumption that that board was to be paid for. That is, there is no implied promise of the child or of her guardian to pay this claim.

But going to the effect of the adjudication in the probate court, the counsel who represents the plaintiff concedes that that adjudication is conclusive between the guardian and his ward, and that the judgment of the probate court in approving that account is the end of any controversy between them; but while that is so, he makes the claim that an action can be maintained against the executor of Solomon Cogswell whom, he alleges, wrongfully received this money. The approval of the account of the guardian by the probate court adjudges that account to have been a just claim against the ward, and its payment rightfully made. It would seem to us to be a strange proposition if, as between the guardian and the ward, the payment of that account was rightfully made; and yet the person to whom it was paid, so wrongfully received it that he is liable to an action for its recovery. We cannot approve such proposition, and after a careful review of the case we feel compelled to approve the holding of the court of common pleas.

We believe that this action cannot be maintained by reason of the adjudication that was made in the probate court, not that the judgment was *res adjudicata* between the ward and this defendant, but that the result of that adjudication was such as to show that the money paid on this account was not wrongfully paid by the guardian, and therefore not wrongfully received by the estate of Solomon Cogswell.

The judgment of the court of common pleas is affirmed.

*Gilbert & Hills*, Attorneys for Plaintiff in Error.

*George A. Grout*, Attorney for Defendant in Error.